FILED
SUPERIOR COURT
OF GUAM

2024 MAR 18 PM 4: 12

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM,

v.

EMELIO TRAY BORJA
(*aka* EMELIO TROY BORJA)
(*aka* EMILIO TRAY BORJA)
(*aka* ELILO TRAY BORJA),
DOB: 12/07/1999

Defendant.

Criminal Case No. CF0286-21
GPD Report No. 21-13889

**DECISION AND ORDER
GRANTING
THE PEOPLE'S MOTION
TO REVOKE PROBATION**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 12, 2024 for a Revocation Hearing in the above-captioned matter related to Emelio Tray Borja's (*aka* Emelio Troy Borja's) (*aka* Emilio Tray Borja's) (*aka* Elilo Tray Borja's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Grant Olan. During the hearing, the Court revoked the Defendant's probation, sentenced defendant to one (1) year incarceration, and now issues this written decision memorializing its ruling.

## BACKGROUND

On December 30, 2021, Defendant pled guilty to two counts of Family Violence (as a Misdemeanor). See Judgment of Conviction (Jan. 6, 2022). A judgment was entered imposing the following relevant conditions of probation:

- **NO DRUGS:** Defendant shall not possess or consume any illegal controlled substances or marijuana.

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Decision and Order Granting the People's Motion to Revoke Probation
CF0286-21, *People of Guam v. Emilio Borja*
Page 1 of 4

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

Id.

On April 6, 2022, Defendant received a Violation Report indicating that he tested positive for multiple illegal substances, including methamphetamine and MDMA, during a urinalysis drug test conducted by the Adult Probation Office. See Violation Report (Apr. 6, 2022).

On June 16, 2022, Defendant failed to appear at a scheduled Further Proceedings hearing in the above-captioned case, despite being summoned to appear. See Summons (May 17, 2022); Minute Entry (Jun. 16, 2022). A bench warrant was ultimately issued for Defendant's non-appearance. See Bench Warrant (Jun. 16, 2022).

On January 26, 2023, another Violation Report was filed indicating that Defendant had been arrested and charged with Criminal Mischief (as a Misdemeanor) with Special Allegation: Crime Against the Community in CM0007-23. See Violation Report (Jan. 26, 2023). Defendant would ultimately plead guilty to and be convicted of Criminal Mischief (as a Misdemeanor). See CM0007-23 Judgment of Conviction (Dec. 6, 2023).

On October 26, 2023, the People filed their Motion to Revoke Probation ("Motion"). The People base their request on Defendant's multiple Violation Reports and previous non-appearance at required court dates. See Motion (Oct. 26, 2023). Opposing the Motion, Defendant claims revocation is premature because he has ample time to complete his remaining probationary terms and requirements. See Opposition to People's Motion (Dec. 27, 2023).

On March 12, 2024, the Court held a Revocation Hearing and subsequently revoked Defendant's probation. See Minute Entry (Mar. 12, 2024).

## DISCUSSION

Decision and Order Granting the People's Motion to Revoke Probation
CF0286-21, *People of Guam v. Emilio Borja*
Page **2** of **4**

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

[T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Since entering probation, Defendant has engaged in and subsequently been convicted of Criminal Mischief (as a Misdemeanor) in CM0007-23. Defendant

Decision and Order Granting the People's Motion to Revoke Probation
CF0286-21, *People of Guam v. Emilio Borja*
Page 3 of 4

has also tested positive for several illegal drugs and failed to obey court orders to show up at his scheduled hearings.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by violating his probationary conditions. Defendant received multiple Violation Reports for conduct that covers the better part of a year. Many of these are serious violations, including a conviction for new criminal conduct committed while on probation. This suggests Defendant is either unable or unwilling to follow his probation conditions if given another chance.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao with credit for time served. This period of incarceration shall be served **concurrently** to Defendant's incarceration in CF0256-19. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this March 14, 2024 *nunc pro tunc to* March 12, 2024.

 

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting the People's Motion to Revoke Probation
CF0286-21, *People of Guam v. Emilio Borja*
Page 4 of 4